E-FILED
Wednesday, 25 June, 2025  04:22:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| SBRM GROUP, LLC, | ) | JURY TRIAL DEMANDED |
| **Serve Registered Agent at:** | ) | |
| **Registered Agents Inc.** | ) | |
| **2501 Chatham Rd** | ) | |
| **STE R** | ) | |
| **Springfield, IL 62704** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff AmGUARD Insurance Company ("AmGUARD"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and 2202, 28 U.S.C. § 1332, and Rule 57, and for its Complaint for Declaratory Judgment, states as follows:

NATURE OF THE CASE

1.      AmGUARD issued SBRM Group, LLC ("SBRM") a Businessowner's Policy, Policy No. SBBP4396341, effective May 24, 2023, to May 24, 2024 (the "Policy").

2.      The Policy lists buildings located at 2017 Philo Road, Urbana, IL 62802 ("Philo Property"); 1305 Silver Street, Urbana, IL 61801 ("Silver Property"); and 2018 Fletcher Street, Urbana, IL 61801 ("Fletcher Property").

3.      SBRM owns and operates the Philo Property, Silver Property, and Fletcher Property.

1

4.    On or about January 16, 2024, baseboard heater water pipes in the Philo Property, Silver Property, and Fletcher Property froze and burst.

5.    The frozen pipes caused substantial water damage in each of the buildings.

6.    SBRM reported the claim to AmGUARD on or about February 7, 2024.

7.    AmGUARD opened claim numbers SBBP439634-001-001-001 (Fletcher Property), SBBP439634-002-002-002 (Philo Property), and SBBP439634-003-003-003 (Silver Property).

8.    AmGUARD's investigation of the claims revealed that SBRM failed to make any reasonable efforts to maintain heat in any of the affected units.

9.    The claims are excluded from coverage under the Policy.

10.    AmGUARD brings this action seeking a declaration that the claims are not covered under the Policy.

PARTIES AND JURISDICTION

11.    AmGUARD Insurance Company is an insurance business corporation organized and existing as a citizen under the laws of the State of Pennsylvania. Its principal place of business is located in Wilkes-Barre, Pennsylvania. AmGUARD is, and at all times relevant was, licensed by the State of Illinois to sell and provide property and casualty and liability insurance policies to Illinois customers.

12.    SBRM Group, LLC, is an Illinois limited liability company that, upon information and belief, was involuntarily dissolved on June 13, 2025.

13.    Upon information and belief, the sole member and manager of SBRM is Schlomo Rubenstein, a resident and citizen of the State of New York.

14.    Upon information and belief, SBRM is a citizen of the State of New York.

2

15.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201, as AmGUARD is seeking a determination of its rights and obligations under the Policy issued to SBRM.

16.     Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332, as the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship among the parties.

17.     The Court has personal jurisdiction over SBRM because the underlying claims and SBRM's business activities took place in Champaign County, Illinois.

18.     Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this District.

FACTUAL ALLEGATIONS

19.     SBRM owns and operates apartment buildings located in Urbana, Illinois.

20.     SBRM purchased the buildings in June 2023.

21.     SBRM owns and operates the Philo Property, Silver Property, and Fletcher Property.

22.     The properties are multi-unit apartment buildings.

23.     On or about January 16, 2024, baseboard heater water pipes in the Philo Property, Silver Property, and Fletcher Property froze and burst.

24.     The originating unit in the Philo Property was Apartment 21.

25.     The originating units in the Silver Property were Apartments 6 and 4.

26.     The originating units in the Fletcher Property were Apartments 22 and 24.

27.     The claims were first reported to AmGUARD on February 7, 2024.

28.     AmGUARD assigned Christopher Troupe with Pilot to investigate the loss and inspect the locations.

29.    Mr. Troupe reported observing water damage to several units in each property.

30.    He also determined that the source of the water was frozen pipes in baseboard heating units in the originating units.

31.    Mr. Troupe also investigated and reported that the temperatures reached below freezing levels in the days before and after the date of loss.

32.    AmGUARD issued a reservation of rights letter to the insured on March 12, 2024, advising of potential coverage issues.

33.    AmGUARD retained Anthony Timpanaro with Vertex and Roman and Associates to continue investigating the loss.

34.    On April 17, 2024, Mr. Timpanaro reported that 50% of the equipment, including thermostats, did not function for heat and were set to their lowest level.

35.    Roman and Associates reported that the buildings were in very poor condition and seemed uninhabitable, and also observed signs of squatters, missing/broken mailboxes, and a few extension cords running from separate apartments.

36.    Roman and Associates reported that Mr. Rubenstein had stated the tenants were responsible for their utilities and that SBRM maintained utilities in the common areas and vacant units.

37.    Roman and Associates spoke with representatives from Ameren Illinois Solutions to gather more information about the utilities for the originating units.

38.    Ameren Illinois Solutions confirmed to Roman and Associates that the utilities in all originating units were off at the time of the loss.

39.    Ameren Illinois Solutions confirmed that SBRM had no "Leave on Agreement" for any properties.

40.     Ameren Illinois Solutions confirmed that SBRM took over utilities for three of the five affected units in the days after the loss.

41.     Upon information and belief, the originating units were vacant at the time of loss because they would have been uninhabitable without utilities in subfreezing temperatures.

42.     Upon information and belief, the utilities in the originating units were disconnected at least a month and a half before the date of loss because a public utility cannot terminate utility services for non-payment between December 1 through March 31 absent specific requirements. See 220 ILCS 5/8-206.

43.     Upon information and belief, SBRM did not have any policy or procedure to ensure that its properties received adequate heat during the winter months.

44.     Upon information and belief, SBRM did not have any policy or procedure to ensure that utilities are maintained in the properties during the winter months if any tenants disconnect or otherwise fail to maintain utilities.

45.     Upon information and belief, SBRM did not take reasonable efforts to monitor the conditions of the properties to ensure they were receiving adequate heat.

46.     SBRM did not make a reasonable effort to maintain heat in the properties.

COVERAGE UNDER THE POLICY

47.     The Policy contains the following insuring agreement,

**3.    Covered Causes Of Loss**
Risks of direct physical loss unless the loss is:
**a.**     Excluded in Paragraph **B.** Exclusions in Section **I;** or
**b.**     Limited in Paragraph **4.** Limitations in Section **I.**

A copy of the Policy is attached hereto as Exhibit A.

48.     The Policy contains the following relevant provision,

**B.    Exclusions**

**2.**    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    **e.    Frozen Plumbing**
    Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:

    **(1)**    You do your best to maintain heat in the building or structure; or

    **(2)**    You drain the equipment and shut off the supply if the heat is not maintained.

Exhibit A.

49.    The Policy excludes coverage for water that leaks or flows from plumbing, heating, air conditioning, or other equipment caused by or resulting from freezing, unless the insured does their best to maintain heat in the building or structure or drain the equipment.

50.    This exclusion applies to the loss because the baseboard heater water pipes in the originating units froze, allowing water to leak or flow into the property.

51.    The first exception does not apply because SBRM did not make a reasonable effort to maintain heat in the buildings or monitor the properties' temperature.

52.    The second exception does not apply because SBRM did not drain the baseboard heaters.

GROUNDS FOR DECLARATORY JUDGMENT

53.    AmGUARD incorporates by reference its allegations in paragraphs 1 through 52 as though fully set out herein.

54.    There is no coverage available for the claims under the AmGUARD Policy.

55.    AmGUARD seeks a declaration that there is no coverage under the Policy.

6

56.    AmGUARD has no other adequate remedy at law.

57.    This Court "may declare the rights and other legal relations of any interested parties seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) with respect to the Policy issued by AmGUARD, and all above-referenced parties are interested parties with respect to coverage under the Policy issued by AmGUARD.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court declare the rights of the parties under the Policy and enter judgment finding and declaring the Policy provides no coverage for Defendant SBRM Group, LLC's claims, and for any such further relief this Court deems just and proper.

Respectfully Submitted,
/s/ *Jonthan B. Morrow*
**KNIGHT NICASTRO MACKAY**
Jonathan B. Morrow, IL #6291832
319 N 4th Street, Suite 300
St. Louis, MO 63102
(314) 690-4757 (Phone)
(816) 396-6233 (Fax)
jmorrow@knightnicastro.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/*Jonathan B. Morrow*