E-FILED
Thursday, 04 December, 2025  12:23:23 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br>        Plaintiff,<br><br>v.<br><br>SBRM GROUP, LLC,<br>        Defendant. | Case No. 2:25-cv-02190-JEH-RLH |

**Order**

Now before the Court is Plaintiff AmGUARD Insurance Company's Motion for Default Judgment (D. 6).[1]  For the reasons set forth *infra*, the Motion is DENIED and this case is dismissed for lack of subject matter jurisdiction.

**I**

Plaintiff AmGUARD Insurance Company (AmGUARD) filed its Complaint for Declaratory Judgment (D. 1) on June 25, 2025 against Defendant SBRM Group, LLC (SBRM).  The Plaintiff had issued SBRM a Businessowner's Policy (Policy), Policy No. SBBP4396341, effective May 24, 2023 to May 24, 2024, which listed buildings owned and operated by SBRM located at three different locations in Urbana, Illinois.  On January 16, 2024, baseboard heater water pipes in each of the three properties froze and burst causing substantial water damage in each of the buildings.  Defendant SBRM reported the claim to AmGUARD on or about February 7, 2024, and the latter opened claim numbers for each of the three properties.  The Plaintiff's investigation of the claims revealed that the Defendant

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

failed to make any reasonable efforts to maintain heat in any of the affected units in the three properties. The Plaintiff alleges that the claims are therefore excluded from coverage under the Businessowner's Policy and seeks a declaration pursuant to 28 U.S.C. § 2201 that the claims are not covered under the Policy.

On October 16, 2025, the Clerk was directed to enter the Defendant's default pursuant to Federal Rule of Civil Procedure 55(a); the docket reflected the Defendant was served on July 14, 2025 via registered agent and did not answer or otherwise plead by the deadline of August 4, 2025. On October 28, 2025, Plaintiff AmGUARD filed the instant Motion for Default Judgment in which it requests judgment be entered against SBRM finding and declaring the Businessowner's Policy provides no coverage for SBRM's claims. On November 19, 2025, the Court entered a Text Order directing the Plaintiff to show cause in writing why this case should not be dismissed for failure to present an "actual controversy" under 28 U.S.C. § 2201(a). *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."); *Hawxhurst v. Pettibone Corp.*, 417 F.3d 175, 179 (7th Cir. 1994) (providing that subject matter jurisdiction may be raised *sua sponte* by the court at any point in the proceedings). Noting the extent of the Plaintiff's Complaint allegations, the Court explained it "remains mindful of the fact that it must not render an 'opinion advising what the law would be upon a hypothetical state of facts.'" 11/19/2025 Text Order (quoting *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019)).

The Plaintiff responded, pointing out that: Defendant SBRM has not withdrawn its claims; declaratory judgment actions are a common and customary vehicle for insurers to seek a determination of whether a claim submitted by its insured is covered under its policy; and the parties have adverse positions on whether the claims are covered such that there is a real dispute as to whether the

AmGUARD policy covers the subject losses. Per AmGUARD, the matter is ripe for this Court to decide and will finally resolve the dispute between the parties.

## II

The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Article III of the Constitution limits a federal court's jurisdiction to "cases" and "controversies", and the "phrase 'case of actual controversy' in the Declaratory Judgment Act refers to the type of 'Cases' and Controversies' that are justiciable under Article III." *Amling*, 943 F.3d at 377 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Thus, the requirements of the Declaratory Judgment Act and those of Article III are coextensive. *Id.* "A justiciable controversy is . . . distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937). Put another way, "Declaratory judgment actions are ripe and otherwise justiciable when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Amling*, 943 F.3d at 377 (quoting *MedImmune, Inc.*, 549 U.S. at 127). Under Article III of the Constitution, a federal court may not render advisory opinions. *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992).

Here, as the Court pointed out in its November 19th Text Order, the Plaintiff's Complaint only goes so far as to allege, "The claims are excluded from coverage under the Policy[]", "AmGUARD issued a reservation of rights letter to the insured on March 12, 2024, advising of potential coverage issues[]", and "There is no coverage available for the claims under the AmGUARD Policy." Pl.'s Compl. (Doc. 1 at ECF pp. 2, 4, 6). AmGUARD underscores those allegations in its Response (D. 7) to the Order to Show Cause, adding that several paragraphs of the Complaint explain its continued investigation after the reservation of rights that ultimately led to its decision that the claim was not covered. However, nowhere in the Complaint or in its Response does the Plaintiff allege Defendant SBRM challenged the denial of its claims, whether by communication directly to AmGUARD or via a lawsuit against AmGUARD. *See Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 733 (N.D. Ill. 2011) (citing *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)) ("[T]he Supreme Court has made clear that an 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'").

The fact that the Defendant has not withdrawn its claims is inconsequential to the Court's analysis of whether an "actual controversy" is presented here. It is not clear if AmGUARD actually conveyed to SBRM its investigation findings and its conclusion that the latter's claims are excluded from coverage. Assuming the Plaintiff did so, the Court sees no reason why the Defendant would have thereafter taken the time to explicitly withdraw its claims. Of note, the Defendant's failure to appear in this case indicates the *lack* of a controversy; perhaps the Defendant's silence is its acquiescence to AmGUARD's position that the Policy does not provide coverage for the claimed losses/damage. There is simply no evidence here of a dispute between the parties.

4

The Plaintiff's cited cases are dissimilar to the instant one. AmGUARD isolates a statement made in *Gibraltar Insurance Company v. Varkalis* without regard to the context in which the statement was made. In *Gibraltar Insurance Company*, the plaintiff insurance company sought a judicial declaration that it was under no responsibility to defend its insured or pay any judgment rendered against him in a wrongful death action brought by the administrator of the decedent's estate. 263 N.E.2d 823, 824 (Ill. 1970). The Illinois Supreme Court explained that "no actual controversy arises among the parties [to a policy coverage dispute] until such time as the issuing company is called upon to either pay or defend a claim on behalf of its insured under the terms of the policy in question." *Id*. at 826. Applied in the context of that particular case, the Illinois Supreme Court disagreed that an "actual controversy" existed between the plaintiff insurance company and its insured on the date the decedent was killed by the insured because "it was merely a matter of speculation as to whether such a controversy would ever arise." *Id*. In other words, the plaintiff insurance company was tilting at windmills. This Court is unconvinced the Illinois Supreme Court would find an actual controversy exists in *this* case merely based upon SBMR's submission of claims for payment without evidence of its express disagreement with AmGUARD's position as to coverage for those claims.

*Atlanta International Insurance Company v. Atchison, Topeka and Santa Fe Railway Company* is inapposite where a judgment had been entered against an insured but the insured had not yet requested payment from the insurer. 938 F.2d 81, 83 (7th Cir. 1991). So, too, is *Maryland Casualty Company v. Pacific Coal & Oil Company* where the petitioner insurance company agreed it would defend any action covered by its policy which was brought against the insured to recover damages for injuries to person and property caused by automobiles hired by the insured. 312 U.S. 270, 271 (1941). A person injured by the insured's employee in

an automobile collision brought an action in state court against the insured to recover damages. *Id*. The petitioner insured sought a declaratory judgment to the effect that it was not liable to defend the action against the insured or to indemnify it if the injured person prevailed. *Id*. at 272. As the Plaintiff summarizes *Aetna Life Insurance Company of Hartford, Connecticut*, an "actual controversy existed *where there was a dispute* as to whether there was coverage under a policy". Pl.'s Resp. (D. 7 at ECF p. 2) (emphasis added). In *State Farm Mutual Automobile Insurance Company v. Hospital Capital Partners, LLC*, the defendants' "Directive" Letters stating checks were to be made payable to them and accounts would not be considered satisfied if payment was not made to them "effectively constitute[d] demand letters [to the plaintiff insurance companies] sufficient to trigger a payment obligation and an actual controversy." 704 F. Supp. 3d 839, 843 (N.D. Ill. 2023). Additionally, there was *conflicting* evidence regarding whether the defendants in fact purchased the relevant accounts receivable and took assignment of the associated liens. *Id*. at 842, 844. Simply put, none of those cases render this one as presenting an "actual controversy" under § 2201(a).

Again, it matters not that Defendant SBRM did not withdraw its claims. Inescapably, without evidence that SBRM disagrees with, challenges, or otherwise rejects the Plaintiff's position that SBRM's claims are not covered under the Policy, the "dispute" is of a hypothetical character. A hypothetical dispute is not a justiciable controversy. *Aetna Life Ins. Co. of Hartford, Conn.*, 300 U.S. at 241; *see also Hinrichs*, 975 F.2d at 1333 ("Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts."). Without an actual controversy between AmGUARD and SBRM, the Court cannot exercise jurisdiction over this matter. The Plaintiff's Motion for Default Judgment is accordingly moot.

### III

For the reasons set forth *supra*, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  Plaintiff AmGUARD Insurance Company's Motion for Default Judgment (D. 6) is MOOT.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on December 4, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE